Joseph WEBSTER, Plaintiff–Appellant,

v.

Michael J. CROWLEY; Margie McNutt; Inspector Ezrow, Defendants–Appellees.

No. 02–1998.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and BARZILAY, Judge.*

### ORDER

Joseph Webster, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

Seeking monetary relief, Webster sued Michael J. Crowley, warden of the Baraga Maximum Correctional Facility; parole board member Margie McNutt; and inspector Ezrow. Webster alleged that his food was being poisoned and that he was being assaulted by other prisoners. Webster contends that he requested protection from prison officials as a result of the assaults. The district court dismissed McNutt as a defendant as the parole board had no jurisdiction regarding a prisoner's safety. Crowley was dismissed as a defendant because he was not served with the summons and the complaint. Inspector Ezrow subsequently moved for summary judgment. Upon de novo review of a magistrate judge's report, the district court granted judgment to Ezrow.

In his timely appeal, Webster argues that the district court erred by concluding that Ezrow had no knowledge that he sought protective custody from other inmates. Webster contends that there is no evidence to establish that Ezrow lacked knowledge of Webster's request for protection.

The district court's judgment is reviewed do novo. See Smith v. Wal–Mart Stores, Inc., 167 F.3d 286, 289 (6th Cir. 1999). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c).

Ezrow was entitled to summary judgment as a matter of law. Webster alleged that he was twice assaulted by other inmates on June 6, 2000. He claimed that he made written letters of complaint on January 27, 2002, April 29, 2002, and May 1, 2002, to request protection from specific prisoners. Webster contends that the de-

fendants were deliberately indifferent to the serious threat of assault. Webster claimed that the first incident occurred on June 6, 2000, after prison employees directed prison kitchen workers to poison his lunch. Webster claimed that after he ate the lunch, he became dizzy and nauseated. Webster stated that he left the dining hall, only to be followed back to his housing unit by three prisoners who worked in the kitchen. Webster alleged that one of the kitchen workers struck him in the face with a sharp object while the other two prisoners watched. Webster claimed that he went to the bubble area of the prison and requested protection from custodial staff. Webster identified his attackers, who were gang members, by name and number. Not one of the named defendants was in the bubble area.

Webster alleged that the second assault occurred during dinner. Webster again claimed that he felt nauseated and dizzy after consuming his food. Webster stated that he was struck from behind by a kitchen worker before losing consciousness. Webster claimed that he regained consciousness only to find two prisoners still attacking him with a sharp object. Prison staff then arrived to break up the fight. Webster claimed that he again requested protection.

In his motion for summary judgment, Ezrow presented evidence that Webster had not given him prior notice of a specific threat from other prisoners. Although Webster contends that he was assaulted and poisoned, he never indicated to Ezrow that he needed protection from other prisoners prior to either assault.

Ezrow met with Webster in May 2000 regarding a letter of complaint that Webster had written to Crowley. The letter did not seek protection from other inmates. Instead, Webster alleged that prison staff had sexually assaulted him by putting human waste in his food. Webster further complained that the staff was putting human waste everywhere in his cell and shower, that they were yelling at him in his cell through an intercom twenty-four hours a day, that they were threatening to assault him, and that they were forcing him to cause a disturbance. After his investigation, Ezrow concluded that Webster's allegations were unfounded and recommended that Webster be referred to medical services for psychological intervention. Webster had made similar allegations in the past. Those allegations were investigated by the Michigan state police and were determined to be unfounded.

Webster contends that Ezrow's failure to provide him protection violated his Eighth Amendment rights. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. See Ingraham v. Wright, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has both an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 297–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim requires that the pain be serious. Id. at 298, 111 S.Ct. 2321. The Supreme Court addressed the objective component in Rhodes v. Chapman, 452 U.S. 337, 346–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The subjective component, in contrast, constitutes the deliberate indifference standard of Estelle v. Gamble, 429 U.S. 97, 101–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). See Wilson, 501 U.S. at 302, 111 S.Ct. 2321. The subjective component provides that the offending conduct be wanton.

The record establishes that Ezrow was not involved in investigating Webster's complaint regarding the assaults. Ezrow's

responsibility concerned investigating Webster's allegation of poisoning. Webster did not inform Ezrow that he feared physical attacks from inmates and Webster fails to show how Ezrow had any prior knowledge that he needed protection from specific inmates. As Webster failed to present evidence that Ezrow even knew about the assaults, Webster failed to establish that Ezrow's conduct was wanton.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.